IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. L-09-0364 |
| | * | |
| GEORGE HOLDEN | * | |
| | * | |

**MEMORANDUM**

On June 25, 2009, a Grand Jury returned an indictment charging George Holden ("Holden") with Possession with Intent to Distribute Cocaine Base, Possession of a Firearm by a Convicted Felon, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Aiding and Abetting. Holden pled not guilty to the charges at his arraignment on July 7, 2009.

On August 7, 2009, Holden filed a Motion to Suppress Tangible and Derivative Evidence. The Government responded on August 21, 2009. The Court heard argument on September 2, 2009. At the conclusion of the hearing the Court denied the Motion. This memorandum explains the Court's reasoning.[1]

**I.   Factual Background**

In October 2008, Special Agent James Bowden ("Bowden") of the Worcester County Bureau of Investigations Narcotics Section submitted an application for a search warrant to the Honorable Daniel Mumford of the District Court of Maryland. In the

---

[1] Inherent in the ruling is the Court's determination that Holden failed to make the requisite showing to warrant a hearing under Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

1

supporting affidavit, Bowden averred that Holden was a well-known drug dealer in the Pocomoke City area who lived at 409 Bonneville Avenue with his girlfriend. The application requested a warrant to search 409 Bonneville Avenue for drugs and other evidence of drug dealing. Judge Mumford signed the warrant on October 24, 2008.

When executing the search warrant on October 31, 2008, the officers found crack cocaine, a firearm, ammunition, an electronic digital scale, baking soda and plastic baggies. Holden seeks to suppress these items, arguing that the warrant was issued absent probable cause. Generally speaking, Holden contends that the facts averred in the affidavit are mere conclusions unsupported by the breadth of detail required to establish probable cause.

**I.	Standard of Review**

It is not the job of a reviewing court "to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." Massachusetts v. Upton, 466 U.S. 727, 728 (1984). Once a search warrant has been issued, review by the courts must show "great deference" to the judge who approved it. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990).

The Supreme Court has described probable cause as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). See United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). This Court must not invalidate a warrant "'by interpreting [an] affidavit in a hypertechnical, rather than a common-sense, manner.'" Id., citing Gates, 462 U.S. at 236.

The reviewing court is limited to analyzing "only the information presented to the magistrate who issued the warrant," United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990), unless the Defendant makes the dual showing required to trigger a Franks hearing.  To warrant a Franks hearing, the Defendant must first make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks, 438 U.S. at 155-56 (quotations omitted).  Second, the false statement must be so essential to the probable cause finding that if it were excluded probable cause would not still exist. Id. and United States v. Colkley, 899 F.2d 297 (1990).

In the instant case, Holden's counsel proffered that there were two false statements that would trigger a Franks hearing. First, the application stated that Holden was stopped on May 6, 2008 and "found [] to be in possession of one hundred grams of cocaine."  Rather, defense counsel proffered that Holden was in a car that was stopped, and a fellow passenger possessed the cocaine.  Second, Special Agent Bowden averred that Holden was awaiting trial in Virginia for possession with intent to distribute cocaine. In fact, Holden was awaiting a retrial because the previous trial had resulted in a hung jury.  Neither of those minor inaccuracies is of sufficient gravity to trigger a Franks hearing. Thus, Holden must rely on a second argument, namely, that the warrant application is so conclusory and lacking in specificity that no neutral magistrate could issue the warrant.  The Court disagrees and concludes that it was reasonable for the Judge Mumford to have issued the warrant.

**II.     Analysis**

Probable cause to justify a warrant may be established from any reliable sources, Draper v. United States, 358 U.S. 307, 313 (1959), including an anonymous tip that has been reasonably corroborated.  Gates, 462 U.S. at 241.  In the instant case, two factors dictate a finding that the warrant was validly issued: the presence of multiple, mutually corroborating confidential informants, and the expertise and experience of the affiant.

First, Bowden gathered information from a variety of sources to include in the affidavit, including information from several confidential informants.  When reviewing tips from an informant, the Court must look at the totality of the circumstances and consider reliability, basis of knowledge, and other indications of credibility when assessing an informant's claims.  Gates, 462 U.S. at 545. In the present case, at least four informants provided information about Holden's activities and place of residence. These four confidential informants reported that Holden and/or members of his organization were selling cocaine.  The informants also supplied fairly specific facts about Holden's street name ("Pimp"), his address (409 Bonneville Avenue), and the area in which he operated (Pocomoke, Maryland).  See Lalor, 996 F.2d at 1581.

Confidential Informant #3 advised Bowden that s/he knew that Holden was selling cocaine from his residence, which the Informant identified as 409 Bonneville Avenue.  Confidential Informant #2 met with Bowden and advised Bowden that Holden was selling large amounts of cocaine in Pocomoke, Maryland.

 "An important factor in determining whether an informant's report establishes probable cause is the degree to which it is corroborated." Lalor, 996 F.2d at 1581. Confidential Informant #1 corroborated most of Confidential Informant #2's information.

Confidential Informant #4 corroborated most of #3's information, advising Bowden that Holden was selling cocaine at his house at 409 Bonneville. In addition to these four informants, in October 2008, Bowden was contacted by a member of the Eastern Shore of Virginia Drug Task Force, who advised Bowden that they had used a confidential informant to make controlled purchases of cocaine.  One purchase was from Holden himself, and another was from an individual whom the Virginia authorities characterized as a member of Holden's organization.  This final corroboration, because it was made through an actual controlled purchase, strongly bolsters the credibility of the Worcester County informants.

Bowden also vouched for the credibility of all four confidential informants with whom he met.  Based on Bowden's years of experience in law enforcement, it is proper to give weight to his assertions of truthfulness of the informants.  He advised that the informants have been truthful in past dealings.  He related that both Informants #1 and #3 had been helping the police for a year and had never been found to be untruthful. Bowden stated that Informant #2 had been an informant for two years and had never been found to be untruthful.  Informant #4, on the other hand, had only been assisting the police for three weeks.

Three other facts strengthen the probable cause calculus.  First, the personal knowledge of the affiant, Special Agent Bowden ("Bowden"), must be taken into consideration, particularly in light of his extensive background in narcotics work and the high number of search warrants he has written. Bowden is a 16-year veteran of the Worcester County Bureau of Investigation, Narcotics Section and he is a 26-year member of the Worcester County Sheriff's Office.  He has signed over 293 search warrants.

Although his statement was conclusory, Bowden averred that Holden was known by local authorities to be involved in the distribution of cocaine.  In addition, Holden's criminal record includes charges for possession with intent to distribute controlled and dangerous substances.  Finally, whether he was holding the drugs or not, Holden was stopped in a car where a distribution quantity of drugs was found.

A judge presented with an affidavit and search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit… there is a fair probability that contraband or evidence of a crime will be found…." Gates, 462 U.S. at 238.  Given the totality of facts laid out in the affidavit, it was entirely reasonable for Judge Mumford to have signed the search warrant.

It is so ORDERED this 15th Day of September, 2009.


                                                               /s/
                                                        Benson Everett Legg
                                                        Chief Judge